UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| MARGARET DREW, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 5: 14-324-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| RELIANCE STANDARD LIFE | ) | **MEMORANDUM OPINION** |
| INSURANCE CO., | ) | **AND ORDER** |
| | ) | |
| Defendant. | ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

This action arises out of an employee welfare benefit plan for Ephraim McDowell Health, Inc. [Record No. 4-1, pp.1-2] As an employee of Ephraim McDowell, Plaintiff Margaret Drew was a beneficiary of a long-term disability policy issued by Defendant Reliance Standard Life Insurance Company ("Reliance"). [*Id.*] In September 2010, Drew submitted a claim to Reliance under the policy. [*Id.* at p. 2] According to the Complaint, Reliance approved the claim and paid Drew benefits for a period of time. [Record No. 1-1] However, on April 16, 2013, Reliance decided to discontinue the monthly benefit payments to the plaintiff. [*Id.*] When Drew appealed, Reliance upheld its decision and Drew filed suit in the Garrard Circuit Court. [Record No. 1-1]

The state court Complaint alleged breach of fiduciary duty, breach of contract, and negligence. Drew sought contractual damages, punitive damages, and compensation for emotional pain and suffering. [*Id.*] On August 8, 2014, Reliance removed the action to this Court. [Record No. 1] Now, the defendant moves for dismissal under Federal Rule of Civil Procedure 12(b)(6), arguing that Drew's Complaint "asserts only state law claims that are

-1-

preempted by" the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001, *et seq*. [Record No. 4-1] Following the defendant's Motion to Dismiss, Drew timely filed an Amended Complaint under Federal Rule of Civil Procedure 15(a)(1)(B). [Record No. 6] For the reasons discussed below, the defendant's Motion to Dismiss will be denied.

When evaluating a motion to dismiss under Rule 12(b)(6), the Court must determine whether the complaint alleges "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). The plausibility standard is met "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). Although the complaint need not contain "detailed factual allegations" to survive a motion to dismiss, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal quotation marks and alteration omitted).

The defendant urges the Court to find that Drew's Complaint does not allege entitlement to relief under ERISA. [Record No. 4-1, p. 4] Because the claims raised in the Complaint are governed preemptively by ERISA and Drew's requested relief is not permitted under the Act, Reliance argues that Drew has failed to state a claim upon which relief can be granted. [*Id.*] Drew's original Complaint presents claims for breach of fiduciary duty and breach of contract, but it does not specifically mention ERISA and does not overtly purport to invoke federal jurisdiction under that statutory scheme. [Record No. 1-1] The Complaint

prays for "full contractual benefits, attorney's fees, punitive damages […], prejudgment and post judgment interest, and compensation for emotional pain and suffering." [Record No. 1-1, p. 6] Reliance correctly notes that punitive damages and emotional pain and suffering are not permitted under ERISA. *Davis v. Kentucky Finance Cos. Retirement Plan*, 887 F.2d 689 (6th Cir. 1989).

However, as noted above, Drew filed an Amended Complaint under Rule 15(a)(1)(B). [Record No. 5] This Rule allows a party to amend a pleading once as a matter of course within 21 days of a responsive pleading or Rule 12(b)(6) motion. Fed. R. Civ. P. 15(a)(1)(B). Drew's Amended Complaint claims that the plaintiff is entitled "to contractual benefits under 19 U.S.C. § 1132(a)(1)(B), and interest and attorney's fees pursuant to 29 U.S.C. § 1132(g)." [Record No. 5, p. 4] According to the Amended Complaint, this claim flows from Reliance's alleged "breach of fiduciary duty" and "abuse of discretion" in denying contractual benefits under the disability policy. [*Id.*] Further, the relief Drew seeks in the Amended Complaint is limited to the type of relief permitted under ERISA. [*Id.*]

Construing the Amended Complaint in the light most favorable to Drew, the Court finds these allegations sufficient to state a claim for relief. Although the original Complaint did not properly invoke relief under ERISA, the Amended Complaint directly cites to the sections under the Act that govern Drew's claims and requests the appropriate relief. [Compare Record No. 1-1 and Record No. 5.] Accordingly, it is hereby

**ORDERED** that Defendant Reliance Standard Life Insurance Company's Motion to Dismiss [Record No. 4] is **DENIED** as moot.

This 16th day of October, 2014.



Signed By:
*Danny C. Reeves* DCR
United States District Judge